IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY DELOACH                                                                       PLAINTIFF

v.                                   Civil No. 6: 16-cv-6112

FRENCH QUARTER PARTNERS, LLC,
Individually and d/b/a FRENCH QUARTER; and
DALE KLOSS a/k/a DUKE KLOSS                           DEFENDANTS

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion for Costs and Attorney's Fees. ECF No. 17. Defendants have responded. ECF No. 19. Plaintiff has filed a reply. ECF No. 21. The motion is ripe for the Court's consideration.

On November 2, 2016, Plaintiff filed a complaint alleging claims against Defendants to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.* ECF No. 1. On February 2, 2017, Plaintiff and Separate Defendant Dale Kloss signed a General Liability Release of Claims that released and discharged all claims against Defendants. Apparently, the release was signed in exchange for Plaintiff's continued employment and employment opportunities with Defendant. On May 18, 2017, Defendants filed a motion for summary judgment arguing that Plaintiff's claims should be dismissed because he had signed the release. ECF No. 9. Defendants stated that the release was the "result of negotiations between DeLoach and Kloss," and "[c]ounsel were not involved." ECF No. 10, ¶ 4. Plaintiff filed a response to

1

the summary judgment motion, in which he stated that he "no longer wishe[d] to pursue this case" but that Defendants' motion for summary judgment should be denied. ECF No. 14. Plaintiff further argued in his response that the release is invalid and illegal and had not been properly approved by the Court. ECF No. 14. However, Plaintiff's attorney stated that "[b]ecause Plaintiff no longer wishes to purse this case in light of the alleged settlement, his attorneys will follow his wishes." ECF No. 14, p. 4. Plaintiff did not ask the Court to approve the release, and the Court never considered or ruled on the summary judgment motion.

On the same day Plaintiff filed his response to the summary judgment motion, he filed a motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). In this motion, Plaintiff stated that he "seeks voluntary dismissal of this case" and that he "no longer wishes to pursue this case due to a private agreement with Defendant in which Defendant promised to return Plaintiff to work in exchange for Plaintiff agreeing not to pursue this case." ECF No. 12, ¶¶ 2-3. In his supporting brief, Plaintiff stated that "[t]he parties in this case should not waste time litigating a case in which the Plaintiff is unwilling to participate any longer" and that "[d]enying Plaintiff's Motion to Dismiss would only leave Plaintiff's attorneys in the untenable position of litigating a case against their client's wishes." ECF No. 13, p. 3. Plaintiff's attorney stated that he did not consent or approve of the release but nevertheless moved the Court to dismiss the case without prejudice and allow him to file a petition for costs and an attorney's fee. ECF No. 12. In the motion to dismiss, Plaintiff did not ask the Court to approve the release or to decide whether or not it was valid. Defendant filed no response to Plaintiff's motion to dismiss and did not challenge Plaintiff's terms of dismissal. The Court granted Plaintiff's motion to dismiss, dismissed the case without prejudice, and allowed Plaintiff to reserve his right to seek attorney

fees and costs. ECF No. 16.

Plaintiff moves the Court to award him an attorney's fee of $6,510.75 and costs in the amount of $516.29. Plaintiff argues that he is entitled to recover an attorney's fee and costs pursuant to the FLSA, 29 U.S.C. § 216(b), which states that courts shall "in addition to any judgment awarded to the plaintiff . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." However, in this case, there was no judgment awarded to Plaintiff or stipulated judgment pursuant to a settlement agreement. Instead, Plaintiff chose to generally dismiss his FLSA claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Plaintiff further argues that the rights guaranteed by the FLSA cannot be privately waived, which include attorney's fees and costs. In this case, it does not appear that Plaintiff has necessarily waived any of his rights under the FLSA. Plaintiff voluntarily dismissed his FLSA claims, and the Court dismissed these claims without prejudice. Thus, it is possible that Plaintiff could still bring these claims in a later lawsuit. The Court dismissed Plaintiff's claims based on his Rule 41(a)(2) motion to dismiss, not because the parties stipulated to a dismissal based on settlement. Because Plaintiff chose to generally dismiss his FLSA claims, he is not entitled to an attorney's fee or cost pursuant to 29 U.S.C. § 216(b).

Plaintiff also argues that he is entitled to an attorney's fee and costs pursuant to Ark. Code Ann. §11-4-218, which states that courts may award costs and a reasonable attorney's fee against "[a]gainst any employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Thus, based on the language of the statute, an award of an attorney's fee and costs pursuant AMWA is discretionary. Because Plaintiff voluntarily dismissed his AMWA claims pursuant to Federal

3

Rule of Civil Procedure 41(a)(2), the Court declines to award an attorney's fee and costs to Plaintiff.

Plaintiff further argues that he is entitled to an attorney's fee and costs pursuant to Ark. Code Ann. § 16-22-303, which contemplates settlement of a case without the attorney's consent. Subsection (b)(1) states that when the parties compromise or settle a case after suit is filed, without the consent of the attorney, courts shall enter judgment for a reasonable fee against all of the parties to the compromise or settlement. Ark. Code Ann §16-22-303(b)(1). This statute provides for "situations where a client and another party litigant reach a settlement without the consent of the client's attorney." *Pomtree v. State Farm Mut. Auto. Ins. Co.*, 121 S.W.3d 147, 150 (Ark. 2003). However, the Court dismissed this case because Plaintiff stated that he no longer wished to pursue his claims, not because a valid settlement agreement was entered into by the parties. Plaintiff voluntarily dismissed his claims pursuant to Federal Rule of Civil Procedure 41(a)(2), and the Court dismissed the claims without prejudice. Plaintiff argues that the purported settlement agreement is invalid and that he "still has claims, even today." ECF No. 21, p. 3. There is a possibility that Plaintiff can still bring his claims in a later lawsuit. Thus, the Court declines to award an attorney's fee and costs pursuant to Ark Code Ann. § 16-22-303.

**IT IS SO ORDERED**, this 9th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge